# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | Case No. 4:12-CR-22 |
| | § | Judge Crone/Judge Mazzant |
| | § | |
| WILLIAM BRAD CONSHAFTER (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Suppress Evidence and Memorandum of Law (Dkt. #14). Having considered the relevant pleadings, as well as oral argument by the parties on July 24, 2012, the Court is of the opinion that Defendant's motion should be denied.

### BACKGROUND

On or about September 13, 2009, officers with the McKinney Police Department responded to a domestic violence call at the residence located at 2501 Dunbar Drive, McKinney, Texas. Defendant asserts that when the police arrived, they entered the residence without consent to conduct a protective sweep of the residence. Defendant contends that officers went beyond the scope of the protective sweep to the upstairs portion of Defendant's residence. Officers observed counterfeit money and other contraband within the residence, and obtained a search warrant to search the remainder of the premises. In addition, on August 5, 2010, an additional search warrant was obtained to search the contents of computers, compact discs, and hard drives obtained from the residence. Defendant moves to suppress all evidence and potential testimony obtained as a result of both search warrants, asserting they were obtained based on facts gathered as a result of an illegal search (Dkt. #14).

The Government contends that Defendant lacks standing to challenge the search, because he was illegally present at the residence. At the time the officers arrived at the residence, Defendant was subject to a protective order which, the Government argues, rendered his presence at the residence illegal (Dkt. #15 at 4-5). Therefore, the Government argues Defendant had no reasonable expectation of privacy in the premises, and no standing to challenge the search.

On July 9, 2012, Defendant filed his Motion to Suppress and Memorandum of Law (Dkt. #14). The Government filed its response on July 17, 2012 (Dkt. #15). On July 20, 2012, the Government filed a supplemental response (Dkt. #16). The Court conducted a hearing on the motion on July 24, 2012.

## ANALYSIS

The Fourth Amendment prohibits "unreasonable searches and seizures" by the Government. *United States v. Hernandez*, 193 F. App'x 338, 341 (5th Cir. 2006). However, "'[f]ourth Amendment rights are individually held and cannot be asserted solely by reference to a particular place;' rather they may be enforced only by persons whose own protection under the Amendment has been violated." *United States v. Phillips*, 382 F.3d 489, 496 (5th Cir. 2004) (citing *United States v. Vega*, 221 F.3d 789, 797 (5th Cir. 2000)). Defendant bears the burden of proof to demonstrate his standing to contest the legality of the search. *United States v. Wilson*, 36 F.3d 1298 (5th Cir. 1994).

In order to have Fourth Amendment standing, a defendant must show (1) an actual, subjective expectation of privacy with respect to the place being searched or items being seized, and (2) that the expectation is one that society would recognize as reasonable. *Wilson*, 36 F.3d at 1302-03 (citing *United States v. Doe*, 801 F. Supp. 1562, 1572 (E.D. Tex. 1992)). Defendant argues that he had an actual expectation of privacy in the residence, and that his expectation was objectively reasonable. Defendant contends that he lived at the residence, had keys to the residence, received his mail there,

and had his possessions there. Defendant argues that he did not live anywhere else, and that was his primary residence.

The Government does not contest that Defendant had ties to the residence itself. However, the Government contends that Defendant did not have a reasonable expectation of privacy in the residence because, at the time of the search, there was a protective order in place which prohibited Defendant from going within 100 yards of the residence located at 2501 Dunbar Drive, McKinney, Texas (Dkt. #15-1 at 2-3). Further, the protective order prohibited any person, including a person who is protected by the order, from giving permission to ignore or violate the order. *Id*. at 3.

The Court finds that while Defendant may have had a subjective expectation of privacy in the residence, this expectation of privacy is not one that society would recognize as reasonable. *See United States v. Dye*, No. 1:10CR221, 2011 WL 1595255, at *5 (N.D. Ohio April 17, 2011) (stating "It seems incredible that the defendant could maintain that he had a reasonable expectation of privacy in the home of a person with whom he had been ordered by the court to have no contact."); *United States v. Brown*, 484 F. Supp. 2d 985, 993-94 (D. Minn. 2007) (holding a defendant who was not permitted to be on the premises of the housing complex had no standing to challenge the search because his presence was "wrongful."). When the officers arrived, Defendant was located within the residence at 2501 Dunbar Drive, McKinney, Texas, despite the protective order prohibiting him from going within 100 yards of that residence. Defendant does not contest that the protective order existed at the time of the search, and that he was inside the residence in violation of that order. Defendant suggests that his wife at that time, Jennifer Wright, believed that she could give him permission to be present at the residence. However, the Court finds this fact to be irrelevant to the analysis. The protective order itself clearly prohibits any person from giving permission to ignore or violate the order. Further, the Government presents evidence that Defendant received and signed

a copy of the protective order, which further indicates that he had knowledge that he was prohibited from being within 100 yards of the residence (Dkt. #15-1 at 4). There is no reasonable expectation of privacy that society is prepared to recognize as reasonable. *Dye*, 2011 WL 1595255, at *5; *Brown*, 484 F. Supp. 2d at 993-94. Therefore, based on the foregoing, the Court recommends that Defendant lacks standing to contest the legality of the search.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Suppress Evidence and Memorandum of Law (Dkt. #14) should be DENIED.

Within five (5)[1] days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within five days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 25th day of July, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE

---

[1] At the hearing on July 24, 2012, the parties agreed to shorten the time for objections.